In the Matter of STATE OF NEW YORK, Respondent, v HAROLD WILKES, Appellant. (Appeal No. 1.) [907 NYS2d 903]— Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered June 2, 2009 in a proceeding pursuant to Mental Hygiene Law article 10. The order denied the motion of respondent to dismiss the petition.

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered May 20, 2009 in a proceeding pursuant to Mental Hygiene Law article 10. The order committed respondent to a secure treatment facility.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: This appeal arises from a proceeding pursuant to article 10 of the Mental Hygiene Law, in which petitioner sought the civil confinement of respondent after his criminal sentence expired. He appeals from an order committing him to a secure treatment facility, following a jury verdict determining that he suffers from a mental abnormality that predisposes him to commit sex offenses and makes it unlikely that he will be able to control his behavior.

We reject the contention of respondent that Supreme Court violated his right to confront and cross-examine the witnesses against him. First, respondent's reliance upon *Crawford v Washington* (541 US 36 [2004]) is unavailing. *Crawford*, which

"preserv[es] [a] defendant's right to confront witnesses in the context of a criminal prosecution" (*People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]), does not apply to respondent in this civil proceeding (*see People v Bolton*, 50 AD3d 990 [2008], *lv denied* 11 NY3d 701 [2008]; *People v Brown*, 32 AD3d 1222 [2006], *lv denied* 7 NY3d 924 [2006]).

Second, respondent failed to preserve for our review the majority of his contentions concerning the reliance by petitioner's psychological experts upon hearsay information in forming their opinions. Respondent moved in limine to preclude petitioner's psychologists from relying upon hearsay information, inter alia, on the ground that such hearsay information was not sufficiently reliable to form the basis for an expert opinion. The court declined to rule on respondent's motion in advance of trial. At trial, respondent raised that objection only once, in response to the reliance by one psychologist upon "parole documents that referenced . . . arrest reports regarding [a rape conviction, and conversations with respondent's] father[ ] regarding that offense." Respondent did not contend that any other specific record or document relied upon by any of the psychologists was unreliable hearsay. Consequently, respondent preserved for our review his contention that only one of the psychologists improperly relied upon hearsay documents or records other than the parole documents and the conversations with his father in forming the psychologist's expert opinion, and his contention is thus properly before us only with respect to such documents and conversations in connection with that one psychologist (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]).

Insofar as respondent's contention is preserved for our review with respect to the parole documents relied upon by that one psychologist, we note that the record contains the testimony of a psychologist that such documents are accepted in the psychological profession as the basis upon which to form an opinion, and we conclude that they are sufficiently reliable to form the basis of an expert psychological opinion under the circumstances presented here. The type of documents at issue are virtually the same as those at issue in *People v Mingo* (12 NY3d 563 [2009]), a case in which the Court of Appeals concluded that the documents were sufficiently reliable hearsay for use in proceedings pursuant to the Sex Offender Registration Act (*see id.* at 572-574; *People v Marrocco*, 41 AD3d 1297 [2007], *lv denied* 9 NY3d 807 [2007]). Based on the factors set forth by the Court of Appeals in *Mingo* in determining that such documents are reliable, we agree with petitioner that the court

properly concluded that the documents in this case were sufficiently reliable to form the basis for the psychologist's expert opinion. Here, respondent pleaded guilty to the charge that was covered by the documents, he had an opportunity during the parole process to challenge the information set forth therein, and he later provided virtually the same information when the psychologist in question interviewed him, thus establishing the reliability of the information. With respect to the conversations with respondent's father, we note that he was called as a witness at trial and was questioned regarding the information at issue. Thus, the information that he provided was in evidence and was properly relied upon by the psychologist in question.

Insofar as respondent preserved for our review his further contention that the court erred in permitting two psychologists to testify to limited amounts of hearsay information at trial in order to explain their opinions, we conclude that respondent's contention lacks merit. Although it is a "questionable assumption" that a psychologist may "not only . . . express [his or] her opinion but [may also] repeat to the jury all the hearsay information on which it was based" (*People v Goldstein*, 6 NY3d 119, 126 [2005], *cert denied* 547 US 1159 [2006]), it is well settled that "hearsay testimony given by experts is admissible for the limited purpose of informing the jury of the basis of the expert[s'] opinion[s] and not for the truth of the matters related" (*People v Campbell*, 197 AD2d 930, 932 [1993], *lv denied* 83 NY2d 850 [1994]; *see People v Wlasiuk*, 32 AD3d 674, 680 [2006], *lv dismissed* 7 NY3d 871 [2006]; *Shahram v Horwitz*, 5 AD3d 1034, 1035 [2004]). We thus conclude that the testimony was properly admitted after the court determined that its purpose was to explain the basis for the experts' opinions, not to establish the truth of the hearsay material, and that any prejudice to respondent from the testimony was outweighed by its probative value in assisting the jury in understanding the basis for each expert's opinion.

Finally, any error in denying the motion of respondent to exclude certain information obtained from his sex offender treatment program in violation of his rights pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*) is harmless. The same information was obtained from proper sources, including conversations between the expert psychologists and respondent, and was properly considered by the psychologists (*see generally Matter of Matthews v Matthews*, 72 AD3d 1631, 1632 [2010]; *Matter of Wise v Burks*, 61 AD3d 1058 [2009]; *Matter of Tercjak v Tercjak*, 49 AD3d 772 [2008], *lv denied* 10 NY3d 716 [2008]). Present—

Smith, J.P., Peradotto, Lindley, Sconiers and Pine, JJ. **[Prior Case History: 23 Misc 3d 1123(A), 2009 NY Slip Op 50899(U).]**