In the Matter of STATE OF NEW YORK, Respondent, v ERSKINE FOX, a Patient in the Custody of New York Office of

Mental Health at Central New York Psychiatric Center, Appellant. [914 NYS2d 550]—

Appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, J.), entered September 10, 2009 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, determined that respondent is a dangerous sex offender requiring confinement and committed respondent to a secure treatment facility.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10, entered following a jury trial determining that he has a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i) and is a dangerous sex offender requiring confinement in a secure treatment facility. Contrary to the contention of respondent, Supreme Court properly allowed petitioner's expert to testify concerning hearsay statements regarding uncharged and unproven acts of sexual abuse committed by respondent. According to respondent, those statements failed to meet the requirements of the professional reliability exception to the hearsay rule. We reject that contention. It is well settled that an expert witness may "provide opinion evidence based on otherwise inadmissible hearsay, provided [that] it is demonstrated to be the type of material commonly relied on in the profession" (*Hinlicky v Dreyfuss*, 6 NY3d 636, 648 [2006]; *see generally People v Sugden*, 35 NY2d 453, 460 [1974]), and provided that it does not constitute the sole or principal basis for the expert's opinion (*see Anderson v Dainack*, 39 AD3d 1065, 1066-1067 [2007]; *People v Wlasiuk*, 32 AD3d 674, 680-681 [2006], *lv dismissed* 7 NY3d 871 [2006]). However, "whether evidence may become admissible solely because of its use as a basis for expert testimony remains an open question in New York" (*Hinlicky*, 6 NY3d at 648), inasmuch as there is a "distinction between the admissibility of an expert's opinion and the admissibility of the information underlying it" (*People v Goldstein*, 6 NY3d 119, 126 [2005], *cert denied* 547 US 1159 [2006]). If that distinction were not recognized, "a party might effectively nullify the hearsay rule by making that party's expert a 'conduit for hearsay'" (*id.*).

Here, petitioner's expert testified that he relied on documents specifically deemed reliable by Mental Hygiene Law § 10.08, and thus we reject the contention of respondent that petitioner's expert was required to state on the record that the documents

were deemed reliable in his profession. In *Matter of State of New York v Wilkes* ([appeal No. 2], 77 AD3d 1451, 1453 [2010]), we held that two of the petitioner's experts were properly allowed to testify concerning incidents for which the respondent was not convicted because "the court determined that [the testimony's] purpose was to explain the basis for the experts' opinions, not to establish the truth of the hearsay material, and that any prejudice to respondent from the testimony was outweighed by its probative value in assisting the jury in understanding the basis for each expert's opinion" (*cf. Matter of Jamie R. v Consilvio*, 17 AD3d 52, 60 [2005], *affd on other grounds* 6 NY3d 138 [2006]; *Wagman v Bradshaw*, 292 AD2d 84 [2002]). We see no basis to distinguish this case from our decision in *Wilkes*.

Even assuming, arguendo, that the court erred in permitting petitioner's expert to testify concerning the underlying facts of the uncharged and unproven offenses, we conclude that any error is harmless. The expert testified that he relied primarily upon the three convictions in formulating his opinion that respondent suffered from pedophilia.

Finally, we conclude that the court did not err in denying respondent's motion seeking to preclude petitioner from presenting any testimony based on actuarial risk assessment instruments at the dispositional hearing (*see e.g. Matter of State of New York v Richard VV.*, 74 AD3d 1402, 1405 [2010]; *Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1144 [2010]). Respondent's challenges to such testimony, to the extent that they are preserved, go to the weight of the testimony rather than its admissibility (*see e.g. People v Dailey*, 260 AD2d 81, 82 [1999], *lv denied* 94 NY2d 821 [1999]). Present—Scudder, P.J., Smith, Green, Pine and Gorski, JJ.