# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

273

CA 09-01153

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

JAMES HIGH, RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL),
FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas
M. Van Strydonck, J.), entered April 2, 2009 in a proceeding pursuant
to Mental Hygiene Law article 10.  The order committed respondent to a
secure treatment facility.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent appeals from an order determining that he
is a dangerous sex offender requiring confinement pursuant to Mental
Hygiene Law article 10 and committing him to a secure treatment
facility.  We conclude that petitioner met its burden of establishing
by clear and convincing evidence that respondent suffers from a mental
abnormality (*see Matter of State of New York v Farnsworth*, 75 AD3d 14,
29-30, *appeal dismissed* 15 NY3d 848; *see generally* § 10.03 [i]).  We
further conclude that the jury's determination with respect to the
issue of mental abnormality is entitled to great deference because the
jury had the best opportunity to evaluate the weight and credibility
of conflicting expert testimony (*see Matter of State of New York v
Donald N.*, 63 AD3d 1391, 1394).  Petitioner also established by clear
and convincing evidence that respondent has such an inability to
control his behavior that he "is likely to be a danger to others and
to commit sex offenses if not confined" (§ 10.07 [f]).  Thus, it
cannot be said that Supreme Court erred in determining that respondent
required confinement and should be committed to a secure treatment
facility (*see id.*).  Respondent's contention that the court erred in
permitting testimony during the disposition hearing with respect to
the use of the STATIC-99 tool is not preserved for our review (*see
generally* CPLR 4017; CPLR 5501 [a] [3]) and, in any event, his
challenge to that testimony goes to the weight thereof rather than its
admissibility (*see Matter of State of New York v Fox*, 79 AD3d 1782,

1784; *see also Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1140-1142).

Entered:  April 1, 2011                          Patricia L. Morgan
                                                 Clerk of the Court