■ In the Matter of STATE OF NEW YORK, Respondent, v GARY M., Appellant. [942 NYS2d 483]—

Order of confinement, Supreme Court, New York County (Arlene D. Goldberg, J.), entered on or about June 17, 2010, which, upon a jury finding of mental abnormality, and upon a finding, after a dispositional hearing, that respondent is a dangerous sex offender requiring confinement, committed him to a secure treatment facility, unanimously affirmed, without costs.

Respondent's claims regarding hearsay contained in testimony about his criminal history are largely unpreserved (*see e.g. Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1142 [2010]), and we decline to review them in the interest of justice. Were we to review them, we would find that the court did not err in allowing the State's psychiatric expert, who examined respondent, to testify to details of some of respondent's criminal history. The purpose of the testimony was to explain the basis for the expert's opinion (*see* Mental Hygiene Law § 10.08 [b]; *Matter of State of New York v Anonymous*, 82 AD3d 1250, 1251 [2011], *lv denied* 17 NY3d 702 [2011]). In any event and respondent provided no reason to question the reliability of the information contained in the criminal complaints. Moreover, the facts underlying respondent's sexual offenses provided ample support for the jury's finding that he suffers from a mental abnormality.

The court did not commit error by allowing into evidence certain redacted medical records used by the parties' experts in forming their opinions (*see* Mental Hygiene Law § 10.08 [c]). Even assuming that the admission of the records constituted error, such error was harmless since the records were not published to the jury.

The evidence adduced at the dispositional hearing was clear and convincing that respondent's level of risk of reoffending required that he be confined rather than be subject to strict and intense supervision (*see* Mental Hygiene Law § 10.07 [f]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Catterson, DeGrasse, Manzanet-Daniels, Román, JJ.