# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1165**
**CA 11-01975**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                     MEMORANDUM AND ORDER

BRIAN HUNTER, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, ROCHESTER (NEIL J. ROWE OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 30, 2011 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, determined that respondent is a dangerous sex offender requiring confinement and committed him to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order entered following a jury trial that, inter alia, determined that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10 and committed him to a secure treatment facility. Respondent contends that Supreme Court erred in denying that part of his pretrial motion requesting that the report of a court-appointed psychiatric examiner be provided to the court and the Attorney General only in the event that respondent decided to call the examiner as a witness at trial. According to respondent, such a disclosure would violate his right to due process and equal protection. We reject that contention. Mental Hygiene Law § 10.06 (e) provides that, any time after the filing of a sex offender civil management petition and prior to trial, the court shall order an evaluation of the respondent by a psychiatric examiner upon the respondent's request. The statute further provides that, "[f]ollowing the evaluation, such psychiatric examiner shall report his or her findings in writing to the respondent or counsel for the respondent, *to the attorney general, and to the court*" (*id.* [emphasis added]). We conclude that respondent did not meet his burden of establishing that the statute is unconstitutional beyond a reasonable doubt (*see generally Dalton v Pataki*, 5 NY3d 243, 255, *rearg denied* 5 NY3d 783, *cert denied* 546 US 1032). Indeed, the statute goes beyond the due process required in a civil confinement

proceeding inasmuch as a respondent is entitled to the appointment of a psychiatric examiner simply upon request and without a showing of necessity (cf. *Goetz v Crosson*, 967 F2d 29, 36-37). Respondent failed to preserve for our review his further contention that his privilege against self-incrimination was violated and, in any event, that contention is without merit (see § 10.08 [a]).

We reject respondent's contention that the admission in evidence of testimony from his criminal trial at this civil proceeding violated his right of confrontation. Mental Hygiene Law § 10.08 (g) specifically allows the admission of such evidence, and the right of confrontation applicable in criminal cases does not apply to this civil proceeding (see *Matter of State of New York v Wilkes* [appeal No. 2], 77 AD3d 1451, 1451-1452). Finally, contrary to respondent's contention, petitioner established by clear and convincing evidence that respondent has an inability to control his behavior such that he "is likely to be a danger to others and to commit sex offenses if not confined" (§ 10.07 [f]).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court