In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Geoffrey E, a sex offender allegedly requiring civil management, Geoffrey E appeals from an order of the Supreme Court, Orange County (DeRosa, J.), dated February 1, 2011, which, upon the granting of the motion of the State of New York pursuant to CELR 4401 for judgment as a matter of law on the issue of whether he is a “detained sex offender,” upon a finding, after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he currently is a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.
Ordered that the order is affirmed, without costs or disbursements.
In May 2000, Geoffrey E was convicted of sexual abuse in the first degree, a class D felony (Eenal Law § 130.65). In 2007, the State of New York commenced this civil management proceeding against Geoffrey E pursuant to the Sex Offender Management and Treatment Act (see Mental Hygiene Law art 10). The Supreme Court conducted a jury trial pursuant to Mental Hygiene Law § 10.07 to determine whether “the respondent is a detained sex offender who suffers from a mental abnormality” (Mental Hygiene Law § 10.07 [a], [d]). At the close of the evidence, and over the objection of Geoffrey E, the court granted the State’s motion pursuant to CELR 4401 for judgment as a matter of law on the issue of whether he is a “detained sex offender.” The jury subsequently found that Geoffrey E suffers from a mental abnormality (see Mental Hygiene Law § 10.03 [i]), and, following a dispositional hearing, the court determined that Geoffrey E currently is a dangerous sex offender requiring *912 civil confinement, and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement (see Mental Hygiene Law § 10.07 [f]). On appeal, Geoffrey P. does not contest whether, as a factual matter, he is a “detained sex offender.” Rather, he contends only that he was entitled to a jury determination on that issue.
There is no merit to the contention of Geoffrey P that, in cases where a jury trial has not been waived, Mental Hygiene Law § 10.07 mandates a jury determination on the issue of whether the respondent in the proceeding is a “detained sex offender.” The Mental Hygiene Law provides: “The respondent’s commission of a sex offense shall be deemed established and shall not be relitigated at the trial, whenever it is shown that . . . the respondent stands convicted of such offense” (Mental Hygiene Law § 10.07 [c] [emphasis added]). Geoffrey P’s status as a sex offender was properly deemed established upon proof of his conviction of sexual abuse in the first degree, which is, by definition, a “[s]ex offense” (Mental Hygiene Law § 10.03 [p] [1]). Furthermore, the issue of whether a sex offender is “[d]etained” within the meaning of Mental Hygiene Law § 10.03 (g) may be determined by a court as a matter of law (cf. Matter of State of New York v Rashid, 16 NY3d 1 [2010]). Accordingly, where, as here, the State has established, prima facie, that the individual is a “detained sex offender” and there is no dispute as to whether, as a factual matter, the individual is a “detained sex offender,” a court may properly determine, as a matter of law, that the individual was a “detained sex offender” within the meaning of Mental Hygiene Law § 10.03 (g).
Here, the State established, through the admission of certified records, that the defendant was previously convicted of sexual abuse in the first degree, a class D felony (Penal Law § 130.65), and that the defendant was “a patient in a hospital operated by the office of mental health, and who was admitted directly to such facility . . . upon release or conditional release from a correctional facility” (Mental Hygiene Law § 10.03 [g] [5]). Geoffrey E did not dispute these showings. Accordingly, under the circumstances of this case, the Supreme Court properly granted the State’s motion pursuant to CPLR 4401 for a judgment as a matter of law on the issue of whether Geoffrey E is a “[d]etained sex offender” (Mental Hygiene Law § 10.03 [g]).
We further reject Geoffrey P.’s contentions that he was entitled, pursuant to either the United States Constitution or the New York Constitution, to a jury determination on the issue *913 of whether he was a “detained sex offender” (see United States v Carta, 592 F3d 34, 43 [1st Cir 2010]; United States v Sahhar, 917 F2d 1197, 1206-1207 [9th Cir 1990], cert denied 499 US 963 [1991]; Hernandez-Carrera v Carlson, 547 F3d 1237, 1256 [10th Cir 2008], cert denied sub nom. Hernandez-Carrera v United States, 558 US —, 130 S Ct 1011 [2009]; see also Matter of State of New York v Myron P., 86 AD3d 26 [2011]).
Geoffrey E’s remaining contention has been rendered academic. Florio, J.E, Balkin, Hall and Miller, JJ., concur.