█ In the Matter of STATE OF NEW YORK, Respondent, v S. MC., Appellant. [959 NYS2d 257]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of S. Mc., a sex offender allegedly requiring civil management, S. Mc. appeals from (1) a decision of the Supreme Court, Queens County (Latella, J.), dated April 18, 2011, made after a hearing, and (2) an order of the same court dated April 20, 2011, which, upon a determination that he is a "detained sex offender" as a matter of law, made upon a finding, after a jury trial, that he suffers from a mental abnormality as defined by Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be

committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The appellant's contention that he was entitled to a jury determination of the issue of whether he is a "detained sex offender" is without merit (*see Matter of State of New York v Geoffrey P.*, 100 AD3d 911 [2012]). Additionally, the Supreme Court's finding that the appellant is a dangerous sex offender requiring confinement is not against the weight of the evidence (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Donald N.*, 63 AD3d 1391, 1394-1395 [2009]).

The appellant's remaining contention is without merit. Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.

Motion by the appellant on appeals from a decision of the Supreme Court, Queens County, dated April 18, 2011, and an order of the same court dated April 20, 2011, inter alia, to strike stated portions of the respondent's brief and the addendum to the respondent's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated July 17, 2012, that branch of the motion which was to strike stated portions of the respondent's brief and the addendum to the respondent's brief on the ground that they refer to matter dehors the record was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to strike stated portions of the respondent's brief and the addendum to the respondent's brief on the ground that they refer to matter dehors the record is denied. Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.