■ In the Matter of STATE OF NEW YORK, Respondent, v ROY CASTLEBERRY, Appellant. [992 NYS2d 589]—

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered August 13, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The order committed respondent to a secure treatment facility.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10 and committing him to a secure treatment facility. Respondent contends that the admission of "hearsay basis evidence" from petitioner's experts deprived him of a fair trial and violated his constitutional right to due process (*Matter of State of New York v Floyd Y.*, 22 NY3d 95, 109 [2013]). Inasmuch as respondent did not object to any of the allegedly improper evidence, we conclude that he failed to preserve his contention for our review (*see Matter of State of New York v Muench*, 85 AD3d 1581, 1582 [2011]; *Matter of State of New York v Wilkes* [appeal No. 2], 77 AD3d 1451, 1452 [2010]). We decline to exercise our power to review that contention in the interest of justice (*see Muench*, 85 AD3d at 1582).

Respondent's challenge to the reliability of the actuarial assessment instruments used by petitioner's expert is actually a challenge "to the weight of that evidence rather than its admissibility" (*Matter of State of New York v Timothy EE.*, 97 AD3d 996, 998 [2012]; *see Matter of State of New York v High*, 83 AD3d 1403, 1403-1404 [2011], *lv denied* 17 NY3d 704 [2011]). "Supreme Court was in the best position to evaluate the weight and credibility of the conflicting [psychological and] psychiatric testimony presented . . . After independently reviewing the evidence presented at the dispositional hearing and according appropriate deference to the court's decision to credit the opinion of [petitioner's expert] over that of [respondent's expert] . . . , we find no basis to disturb [the court's] determination that respondent was a dangerous sex offender requiring confinement" (*Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1144-1145 [2010]; *see Matter of State of New York v Trombley*, 98

AD3d 1300, 1301 [2012], *lv denied* 20 NY3d 856 [2013]; *Timothy EE.*, 97 AD3d at 999). Present— Scudder, P.J., Smith, Centra, Fahey and Peradotto, JJ.