■ In the Matter of State of New York, Respondent, v Carl S., Appellant. [6 NYS3d 63]—

In a proceeding pursuant to Mental Hygiene Law article 10, Carl S., a convicted sex offender allegedly requiring civil management, appeals from an order of the Supreme Court, Queens County (Holder, J.), dated February 10, 2012, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he currently is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

The appellant's contention that the admission of hearsay basis evidence through the testimony of the petitioner's experts violated his right to due process is unpreserved for appellate review (*see Matter of State of New York v Castleberry*, 120 AD3d 1535, 1535 [2014]; *Matter of State of New York v Lonard ZZ.*, 100 AD3d 1279, 1280 [2012]; *Matter of State of New York v Gary M.*, 94 AD3d 521, 521 [2012]; *Matter of State of New York v Wilkes*, 77 AD3d 1451, 1452 [2010]). In any event, the limited testimony regarding a prior charged sex offense, which did not result in an acquittal or a conviction, did not violate his right to due process (*see Matter of State of New York v John S.*, 23 NY3d 326, 331 [2014]; *Matter of State of New York v Floyd Y.*, 22 NY3d 95, 110 [2013]). The petitioner's experts also were properly permitted to testify regarding certain information contained in records describing the appellant's criminal, psychiatric, and disciplinary history, since the purpose of the testimony was to explain the bases for the experts' opinions (*see* Mental Hygiene Law § 10.08 [b]; *Matter of State of New York v Robert F.*, 101 AD3d 1133, 1135 [2012]; *Matter of State of New York v Anonymous*, 82 AD3d 1250, 1251 [2011]; *Matter of State of New York v Wilkes*, 77 AD3d at 1453).

Contrary to the appellant's contentions, the evidence upon which the jury made its findings that the designated felony was sexually motivated and that the appellant suffers from a

"mental abnormality," as that term is defined in Mental Hygiene Law § 10.03 (i) (*see Matter of State of New York v John S.*, 23 NY3d at 348-349; *Matter of State of New York v Anonymous*, 82 AD3d at 1251), was legally sufficient, as there was a valid line of reasoning to support those findings (*see Matter of State of New York v Anonymous*, 82 AD3d at 1251; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126 [2009]). Moreover, those findings were supported by a fair interpretation of the evidence and, therefore, were not contrary to the weight of the evidence (*see Matter of State of New York v Justin C.*, 93 AD3d 852, 853 [2012]; *Matter of State of New York v Andre L.*, 84 AD3d 1248, 1249-1250 [2011]; *Matter of State of New York v Shawn X.*, 69 AD3d 165, 169 [2009]; *Matter of State of New York v Edison G.*, 107 AD3d 723, 724 [2013]).

Further, the Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant is a "dangerous sex offender" as that term is defined in article 10, requiring that he be civilly confined (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Clarence D.*, 82 AD3d 776, 777-778 [2011]; *Matter of State of New York v Anonymous*, 82 AD3d at 1252).

The appellant's contention that he was deprived of the effective assistance of counsel is partially based on matter dehors the record and, therefore, not reviewable on this appeal (*see Matter of State of New York v Lashaway*, 100 AD3d 1372, 1373 [2012]; *Matter of State of New York v Pierce*, 79 AD3d 1779, 1781 [2010]; *Matter of State of New York v Campany*, 77 AD3d 92, 99-100 [2010]). To the extent the claim is reviewable here, the record, viewed in totality, shows that the appellant was not deprived of the effective assistance of counsel (*see Matter of State of New York v Joseph McD.*, 107 AD3d 725, 726 [2013]; *Matter of State of New York v Treat*, 100 AD3d 1513, 1513-1514 [2012]; *see generally Strickland v Washington*, 466 US 668, 688, 694 [1984]; *People v Caban*, 5 NY3d 143, 152 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The appellant's remaining contentions are without merit. Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.