# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**191**
**CA 15-00186**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-APPELLANT,

V                                                MEMORANDUM AND ORDER

PAUL VANDERPOOL, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR PETITIONER-APPELLANT.

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO (DIANE S. GASTLE OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered October 10, 2014 in a proceeding pursuant to Mental Hygiene Law article 10. The order granted respondent's motion to conduct a written deposition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: In this proceeding pursuant to Mental Hygiene Law article 10, petitioner appeals in appeal No. 1 from an order that granted respondent's motion to conduct a limited deposition upon written questions of the victim of the qualifying offense. We agree with petitioner that Supreme Court erred in granting the motion. Respondent's motion papers make clear that his intent in seeking to depose the victim is to relitigate the issue of his use of force in the commission of the qualifying offense. That is specifically prohibited by Mental Hygiene Law § 10.07 (c) inasmuch as respondent has been convicted of the qualifying offense (*see Matter of State of New York v Geoffrey P.*, 100 AD3d 911, 912, *lv denied* 20 NY3d 862). Indeed, we note that respondent's conviction of the qualifying offense was based on his voluntary plea of guilty to attempted rape in the first degree "[b]y forcible compulsion" (Penal Law § 130.35 [1]; *see* § 110.00).

Respondent has also failed to demonstrate good cause for the issuance of a judicial subpoena upon the victim (*see* Mental Hygiene Law § 10.08 [g]). Although respondent contends that he demonstrated such good cause because petitioner's experts allegedly relied upon the victim's hearsay statements concerning the circumstances of the

qualifying offense, and they will testify about those hearsay statements at trial, we conclude that the experts' reliance on such hearsay is not improper inasmuch as "the evidence of reliability [of that hearsay] was the criminal justice adjudication unfavorable to [respondent]" (*Matter of State of New York v Floyd Y.*, 22 NY3d 95, 109).

Finally, in light of our determination in appeal No. 1, we dismiss as moot petitioner's appeal from the order in appeal No. 2 denying its subsequent motion for leave to renew and reargue.

Entered:  March 25, 2016                        Frances E. Cafarell
                                                Clerk of the Court