■ In the Matter of STATE OF NEW YORK, Respondent, v PHILIP B., Appellant. [30 NYS3d 283]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Philip B., a sex offender allegedly requiring civil management, Philip B. appeals from an order of the Supreme Court, Dutchess County (Forman, J.), dated August 25, 2014, which, upon a finding, made after a jury trial, that he was a detained sex offender suffering from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he currently is a dangerous sex offender requiring civil confinement, directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Mental Hygiene Law article 10 when the appellant was nearing completion of a sentence for his conviction of assault in the second degree. The appellant had committed the assault crime in 2006, when he was on conditional release with an unexpired term on his sentence for a 1989 conviction of manslaughter in the first degree. The amended petition alleged that the appellant was a "detained sex offender" (Mental Hygiene Law § 10.03 [g]), and that each of his convictions was a "designated felony" that was "sexually motivated" (Mental Hygiene Law § 10.03 [f], [s]). At trial, the Supreme Court submitted to the jury the questions of whether the assault and manslaughter crimes were "sexually motivated." The appellant contends that it was error to submit that question to the jury with respect to the manslaughter conviction because he was not in custody or subject to supervision for that offense, and thus, could not be considered a "detained sex offender" on that basis. The appellant's contention is without merit.

Manslaughter in the first degree and assault in the second degree are both "designated felonies" (Mental Hygiene Law § 10.03 [f]). Any designated felony which is "sexually motivated" falls within the definition of a "sex offense" (Mental Hygiene Law § 10.03 [p]). A "detained sex offender," as relevant here, is a person who stands convicted of a "sex offense" and is "currently serving a sentence for . . . such offense or for a related offense" (Mental Hygiene Law § 10.03 [g]). "Related offenses" are, inter alia, those "which are the bases of the orders of commitment received by the department of correctional services in connection with an inmate's current term of incarceration" (Mental Hygiene Law § 10.03 [l]). Here, the appellant was a detained sex offender by virtue of his conviction of manslaughter—a "sex offense" because it was a sexually motivated designated felony—and his incarceration for assault, a "related offense" because it was the basis for the order of commitment (*see* Mental Hygiene Law § 10.03 [g] [1]; 10.03 [l]; *Matter of State of New York v Claude McC.*, 122 AD3d 65 [2014]; *Matter of State of New York v Robert F.*, 101 AD3d 1133 [2012]; *see also Matter of State of New York v Rashid*, 16 NY3d 1, 16-18 [2010]). Therefore, contrary to the appellant's contention, it was proper to submit to the jury the question of whether the manslaughter was sexually motivated.

The Supreme Court providently allowed the State's experts to testify to the facts underlying his conviction for the assault

as a basis for the experts' properly proffered opinion testimony (*see Matter of State of New York v Floyd Y.*, 22 NY3d 95 [2013]; *see also Matter of State of New York v John S.*, 23 NY3d 326 [2014]). Contrary to the appellant's contention, the evidence upon which the jury made its finding that the manslaughter and assault offenses were sexually motivated was legally sufficient, as there was a valid line of reasoning to support a finding that those offenses were "committed in whole or in substantial part for the purpose of direct sexual gratification" (Mental Hygiene Law § 10.03 [s]; *see Matter of State of New York v Carl S.*, 125 AD3d 670 [2015]). Moreover, the jury's finding that the manslaughter and assault offenses were sexually motivated was supported by a fair interpretation of the evidence and, therefore, was not contrary to the weight of the evidence (*see Matter of State of New York v Carl S.*, 125 AD3d 670 [2015]; *Matter of State of New York v Justin C.*, 93 AD3d 852 [2012]; *Matter of State of New York v Andre L.*, 84 AD3d 1248 [2011]).

Contrary to the appellant's further contention, the evidence upon which the jury made its determination that he suffered from a mental abnormality was legally sufficient, since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality as defined by Mental Hygiene Law § 10.03 (i) (*see* Mental Hygiene Law § 10.03 [i]; *Matter of State of New York v Ian I.*, 127 AD3d 766 [2015]; *Matter of State of New York v Carl S.*, 125 AD3d 670 [2015]; *see also Matter of State of New York v Floyd Y.*, 135 AD3d 70 [2015], *lv granted* 27 NY3d 902 [2016]). Additionally, the jury's finding that the appellant suffered from a mental abnormality was supported by a fair interpretation of the evidence, and thus, was not contrary to the weight of the evidence (*see Matter of State of New York v Ian I.*, 127 AD3d 766 [2015]; *Matter of State of New York v Carl S.*, 125 AD3d 670 [2015]).

Based on the evidence presented during the dispositional hearing, the Supreme Court properly found, by clear and convincing evidence, that the appellant was a dangerous sex offender requiring civil confinement (*see* Mental Hygiene Law §§ 10.03 [e]; 10.07 [f]; *Matter of State of New York v Carl S.*, 125 AD3d 670 [2015]; *Matter of State of New York v Anonymous*, 82 AD3d 1250 [2011]; *Matter of State of New York v Clarence D.*, 82 AD3d 776 [2011]). Balkin, J.P., Roman, Maltese and Connolly, JJ., concur.