■ In the Matter of STATE OF NEW YORK, Respondent, v DEAN G., Appellant. [35 NYS3d 145]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Dean G., a sex offender allegedly requiring civil management, Dean G. appeals from an order of the Supreme Court, Dutchess County (Forman, J.), dated January 20, 2015, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

The State of New York (hereinafter the petitioner) commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA), for the civil management of the appellant (see Mental Hygiene Law § 10.06). A jury trial was held in June 2014. The jury found that the appellant suffers from a "mental abnormality," as that term is defined in SOMTA (Mental Hygiene Law § 10.03 [i]).

After a dispositional hearing, the Supreme Court found that the appellant is a "dangerous sex offender requiring confinement" in that the appellant suffers from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that he is likely to be a danger to others and to commit sex offenses if he is not confined to a secure treatment facility (see Mental Hygiene Law § 10.07 [f]). In the order appealed from, the court directed that the appellant be committed to a secure treatment facility (see Mental Hygiene Law § 10.07 [f]).

Contrary to the appellant's contention, legally sufficient

evidence supported the jury verdict, since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i) (*see Matter of State of New York v Luis S.*, 135 AD3d 945 [2016]; *Matter of State of New York v Carl S.*, 125 AD3d 670 [2015]; *Matter of State of New York v David M.*, 120 AD3d 1423 [2014]; *Matter of State of New York v Raul L.*, 120 AD3d 52 [2014]). Additionally, the verdict was not contrary to the weight of the evidence, as it was supported by a fair interpretation of the evidence (*see Matter of State of New York v Luis S.*, 135 AD3d 945 [2016]; *Matter of State of New York v Larry B.*, 113 AD3d 865 [2014]).

Contrary to the appellant's contention, the Supreme Court did not err in refusing to preclude hearsay basis evidence regarding a prior charged sex offense which did not result in an acquittal or a conviction (*see Matter of State of New York v Ruben M.*, 137 AD3d 1047 [2016]; *Matter of State of New York v Robert M.*, 133 AD3d 670 [2015]; *Matter of State of New York v Carl S.*, 125 AD3d 670 [2015]). Moreover, the appellant's challenges to the petitioner's summation are only partially preserved for appellate review (*see People v Romero*, 7 NY3d 911 [2006]; *Matter of State of New York v Colvin M.*, 110 AD3d 818 [2013]; *People v Sepulveda*, 52 AD3d 539 [2008]). In any event, the challenged remarks were fair comment on the evidence, a fair response to the remarks of the appellant's counsel, or not so pervasive as to have deprived the appellant of a fair trial (*see Matter of State of New York v David M.*, 120 AD3d 1423 [2014]; *Matter of State of New York v Colvin M.*, 110 AD3d 818 [2013]; *People v Simmons*, 106 AD3d 1115 [2013]).

The Supreme Court did not err in denying that branch of the appellant's motion which was to conduct a hearing pursuant to *Frye v United States* (293 F 1013 [DC Cir 1923]) concerning the admissibility, during the dispositional phase of the trial, of evidence of the Static-99R actuarial risk assessment instrument. "[T]he use of actuarial risk assessment instruments is scientifically accepted as a means to measure the risk of recidivism" (*Matter of State of New York v Ian I.*, 127 AD3d 766, 768 [2015]), and this particular risk assessment instrument has been accepted as reliable for that purpose (*see e.g. State of New York v Frank V.*, 32 Misc 3d 1217[A], 2011 NY Slip Op 51351[U], *3 [Sup Ct, Bronx County 2011]).

After the dispositional hearing, the Supreme Court properly found, by clear and convincing evidence, that the appellant was a dangerous sex offender requiring civil confinement (*see*

Mental Hygiene Law §§ 10.03 [e]; 10.07 [f]; *Matter of State of New York v Carl S.*, 125 AD3d 670 [2015]; *Matter of State of New York v Dennis K.*, 120 AD3d 694 [2014], *lv granted* 24 NY3d 911 [2014]; *Matter of State of New York v Larry B.*, 113 AD3d 865 [2014]; *Matter of State of New York v Edison G.*, 107 AD3d 723 [2013]; *Matter of State of New York v Nelson D.*, 105 AD3d 968 [2013]). Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.