■ In the Matter of STATE OF NEW YORK, Respondent, v JUSTIN D., Appellant. [43 NYS3d 399]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Justin D., a sex offender allegedly requiring civil management, Justin D. appeals from an order of the Supreme Court, Queens County (Holder, J.), dated February 24, 2015, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition, and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

The State of New York (hereinafter the petitioner) commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA), for the civil management of the appellant, a convicted sex offender whom the petitioner alleged required civil management (*see* Mental Hygiene Law § 10.06 [a]). A jury trial was held, after which the jury found that the appellant suffered from a mental abnormality as defined in SOMTA (*see* Mental Hygiene Law § 10.07; *see also* Mental Hygiene Law § 10.03 [i]). Following a dispositional hearing, the Supreme Court determined that the appellant is a dangerous sex offender requiring civil confinement (*see* Mental Hygiene Law § 10.07 [f]; *see also* Mental Hygiene Law § 10.03 [e]), in effect, granted the petition, and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.

Contrary to the appellant's contention, legally sufficient evidence supported the jury verdict, since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i) (*see Matter of State of New York v Dean G.*, 140 AD3d 972, 972-973 [2016]; *Matter of State of New York v Luis S.*, 135 AD3d 945 [2016]). Additionally, the verdict was not contrary to the weight of the evidence, as it was supported by a fair interpretation of the evidence (*see Mat-*

*ter of State of New York v Ruben M.*, 137 AD3d 1047 [2016]; *Matter of State of New York v Carl S.*, 125 AD3d 670, 672 [2015]).

Contrary to the appellant's contention, the Supreme Court did not err in declining to preclude the testimony of the petitioner's expert, Pola Eisenstein-Rosan, on the ground that her testimony would be duplicative of the testimony of the petitioner's other expert, John Thomassen. Although Eisenstein-Rosan and Thomassen relied upon many of the same records and each concluded that the appellant suffered from a mental abnormality, Eisenstein-Rosan's testimony was not cumulative to that of Thomassen, since the methodology and sources of information utilized by the two doctors, as well as some of their conclusions, were distinct (*see Matter of State of New York v James K.*, 135 AD3d 35, 38 [2015]).

Further, the Supreme Court did not err in permitting the petitioner's experts to testify regarding certain communications made by the appellant in the context of sex offender treatment he received in prison. The appellant correctly argues that the language of a limited waiver of confidentiality he signed before receiving sex offender treatment did not permit disclosure of his treatment records to the Attorney General for a trial under Mental Hygiene Law article 10. However, the appellant concedes that his sex offender treatment records were properly disclosed to the Attorney General and the Attorney General's experts pursuant to Mental Hygiene Law § 10.08 (b) and (c). By granting the Attorney General access to a sex offender's relevant treatment records "notwithstanding any other provision of law," and by specifying that the psychiatric examiners chosen by the Attorney General be given access to such records, the Legislature expressed its intent that otherwise privileged sex offender treatment records could be used by these parties in the adversarial stage of an article 10 proceeding (*see Matter of State of New York v Floyd Y.*, 102 AD3d 80, 88 [2012], *revd on other grounds* 22 NY3d 95 [2013]; *see also Matter of State of New York v Charada T.*, 107 AD3d 528 [2013], *affd* 23 NY3d 355 [2014]). Further, contrary to the appellant's contention, the probative value of the communications about which the experts testified was not outweighed by their prejudicial impact (*see generally Matter of State of New York v Steven L.*, 66 AD3d 788, 789 [2009]).

Finally, the Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant was a dangerous sex offender requiring civil confinement (*see* Mental Hygiene Law §§ 10.03 [e]; 10.07 [f];

*Matter of State of New York v Dean G.*, 140 AD3d at 973; *Matter of State of New York v Carl. S.*, 125 AD3d at 672). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.