Matter of State of New York v Walter J.R. (2018 NY Slip Op 07314)





Matter of State of New York v Walter J.R.


2018 NY Slip Op 07314


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-12940
 (Index No. 2425/10)

[*1]In the Matter of State of New York, respondent,
v
Walter J.R. (Anonymous), appellant.


Steven A. Feldman, Uniondale, NY, for appellant, and appellant pro se.
Barbara D. Underwood, Attorney General, New York, NY (Judith N. Vale and Scott A. Eisman of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Walter J. R., a sex offender allegedly requiring civil management, Walter J. R. appeals from an order of the Supreme Court, Orange County (Nicholas DeRosa, J.), dated September 21, 2016, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care and treatment.
ORDERED that the order is affirmed, without costs or disbursements.
In January 2010, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA), for the civil management of the appellant, a convicted sex offender. Following a trial, the jury found that the appellant suffers from a "mental abnormality" as defined in SOMTA (see Mental Hygiene Law § 10.03[i]). Thereafter, following a dispositional hearing, the Supreme Court found that the appellant suffers from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control his behavior, that he is likely to be a danger to others and to commit sex offenses if he is not confined to a secure treatment facility (see Mental Hygiene Law § 10.07[f]). Based upon that finding, the court made the requisite dispositional determination that the appellant is a dangerous sex offender requiring civil confinement, granted the petition, and directed that he be committed to a secure treatment facility for care and treatment.
Contrary to the appellant's contention, the jury verdict was supported by legally sufficient evidence, since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and the verdict was not contrary to the weight of the evidence, as it was supported by a fair interpretation of the evidence (see Matter of State of New York v Justin D., 145 AD3d 735; Matter of State of New York v Peters, 144 AD3d 1654; Matter of State of New York v Robert V., 111 AD3d 541, 542; Matter of State of New York v Clarence D., 82 AD3d 776, 777).
Furthermore, contrary to the appellant's contention, the Supreme Court did not violate his Fourteenth Amendment due process right to a fair trial or his Sixth Amendment right of confrontation by admitting into evidence, through the State's expert witnesses, certain hearsay evidence regarding a statement the defendant made in connection with his prior conviction of public lewdness (see Matter of State of New York v John S., 23 NY3d 326, 342-343; Matter of State of New York v Ruben M., 137 AD3d 1047, 1048).
The appellant's remaining contentions, including those raised in his pro se supplemental brief, are either unpreserved for appellate review or without merit.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court