Matter of State of New York v Geoffrey P. (2021 NY Slip Op 04362)





Matter of State of New York v Geoffrey P.


2021 NY Slip Op 04362


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-13892
 (Index No. 2021/08)

[*1]In the Matter of State of New York, respondent,
v
Geoffrey P. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Laura Rothschild, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Matthew W. Grieco of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Geoffrey P., an adjudicated sex offender previously determined to have been suffering from a mental abnormality requiring civil management, Geoffrey P. appeals from an order of the Supreme Court, Orange County (Craig Stephen Brown, J.), dated October 24, 2019. The order, after a hearing, found Geoffrey P. to be a dangerous sex offender requiring civil confinement, granted the petition, and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In May 2000, the appellant pleaded guilty to sexual abuse in the first degree (sexual contact with an individual less than eleven years of age) (Penal Law § 130.65[3]). Thereafter, the State of New York commenced a proceeding pursuant to Mental Hygiene Law article 10 alleging that the appellant was a sex offender requiring civil management.
In February 2011, following a jury trial, the jury determined that the appellant suffered from a mental abnormality (see Mental Hygiene Law § 10.03[i]), and, following a dispositional hearing, the Supreme Court determined that the appellant was a dangerous sex offender requiring civil confinement (see Mental Hygiene Law § 10.07[f]). In November 2012, this Court affirmed both the mental abnormality finding and the order of confinement (see Matter of State of New York v Geoffrey P., 100 AD3d 911).
After the appellant's confinement in a secure treatment facility, by amended order dated July 28, 2017, the Supreme Court found, inter alia, that the appellant was a sex offender who suffers from a mental abnormality but that he is no longer a dangerous sex offender requiring confinement. Based on that finding, the court released the appellant from custody and placed him on a regimen of strict and intensive supervision and treatment (hereinafter SIST).
While on SIST, the appellant allegedly violated a condition of his SIST regimen by engaging in sexual touching with an 18-year-old co-resident of his rooming house without the co-[*2]resident's consent. As a result, in December 2018, the State filed a petition to revoke the appellant's release pursuant to the SIST regimen and confine him in a secure facility as a dangerous sex offender. After a hearing, in an order dated October 24, 2019, the Supreme Court determined that the State had met its burden of showing by clear and convincing evidence that the appellant was a dangerous sex offender requiring civil confinement, granted the petition, and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
Considering the evidence in the light most favorable to the State, a determination is supported by legally sufficient evidence where there is a valid line of reasoning to support the determination (see Matter of State of New York v Floyd Y., 30 NY3d 963, 963-965; Matter of State of New York v Robert F., 25 NY3d 448, 455; Matter of State of New York v Carl S., 125 AD3d 670, 672).
Here, the State's evidence consisted of, inter alia, the report and testimony of a psychologist who evaluated the appellant. The psychologist testified, in relevant part, that the appellant suffered from pedophilic disorder and antisocial personality disorder and that the combination of such disorders predisposes the appellant to engage in sex offenses (see Matter of State of New York v Floyd Y., 30 NY3d at 964-965). The State's psychologist further reported that the appellant's misconduct while on SIST against an 18-year-old co-resident of the rooming house where both resided, with the attendant high risk of detection, as well as the appellant's lack of awareness as to his offending cycle, demonstrates that the appellant cannot control himself (see id. at 965).
Moreover, on actuarial assessments, the appellant scored in the "well above average" range for reoffending when compared to the average sex offender (see Matter of State of New York v Robert F., 25 NY3d at 455), and the appellant has no relapse prevention plan in place (see Matter of State of New York v Floyd Y., 30 NY3d at 965).
Contrary to the appellant's contention, the evidence adduced at the hearing was legally sufficient to establish that the appellant requires civil confinement (see Matter of State of New York v Floyd Y., 30 NY3d at 963-965; Matter of State of New York v Robert F., 25 NY3d at 455; Matter of State of New York v Carl S., 125 AD3d at 672).
"In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case, the trial or hearing judge had the advantage of seeing and hearing the witnesses" (Matter of State of New York v Raul L., 86 AD3d 607, 609; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Matter of State of New York v Richard J., 186 AD3d 491).
Here, the Supreme Court's decision to credit the testimony of the State's expert witness instead of the testimony of the appellant's expert witness is supported by the record (see Matter of State of New York v Raul L., 120 AD3d 52, 60, quoting Matter of State of New York v Andrew J.W., 85 AD3d 805, 807). Further, as set forth above, the appellant has no relapse prevention plan in place, he scored in the "well above average" range for reoffending pursuant to actuarial assessments, and there is no indication in the record that the complainant's testimony before the hearing court was not credible.
Accordingly, the Supreme Court's determination that the appellant is a dangerous sex offender requiring civil confinement was warranted by the facts (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Carl S., 125 AD3d at 672; Matter of State of New York v S. Mc., 103 AD3d 652, 653).
The appellant's remaining contention is without merit.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court