interpretation that nullifies any provision of an ordinance is irrational and unreasonable (*see Matter of Veysey v Zoning Bd. of Appeals of City of Glens Falls*, 154 AD2d 819, 821 [1989], *lv denied* 75 NY2d 708 [1990]; *Matter of Briar Hill Lanes v Town of Ossining Zoning Bd. of Appeals*, 142 AD2d 578, 581 [1988]; *see generally* McKinney's Cons Laws of NY, Book 1, Statutes § 98 [a]). Here, the ZBA's interpretation of the Zoning Ordinance nullifies the existence of section 11 (L) (3) thereof. Also, we conclude that the ZBA's determination that any hardship suffered by petitioners was self-created is arbitrary and capricious (*cf. Matter of Ifrah v Utschig*, 98 NY2d 304, 309 [2002]; *Matter of DiPaolo v Zoning Bd. of Appeals of Town/Vil. of Harrison*, 62 AD3d 792, 793 [2009]).

Nevertheless, we conclude that the court erred in directing the ZBA to issue the area variance, and we therefore modify the judgment accordingly. Rather, under the circumstances of this case, the court should have remitted the matter to the ZBA for a de novo determination of petitioner's application pursuant to Town Law § 267-b (3), utilizing the setback requirements set forth in section 11 (L) (3) of the Zoning Ordinance. We have considered respondents' remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.

In the Matter of the STATE OF NEW YORK, Respondent, v KARL MUENCH, an Inmate in the Custody of New York State Department of Correctional Services, Appellant. [890 NYS2d 875]—

Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.

WILLIAM GUSTAFSON, as Administrator D.B.N. of the Estate of BRUCE G. GUSTAFSON, Deceased, Respondent, v PAUL C. DIPPERT, D.O., et al., Defendants, and ANDREW J. STANSBERRY, R.P.A., Appellant. (Appeal No. 1.) [891 NYS2d 842]—