# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**359**
**CA 10-00205**
PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHARLES KALCHTHALER, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, SYRACUSE (MAUREEN T. KISSANE OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MICHAEL CONNOLLY OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (William D. Walsh, A.J.), entered November 17, 2009 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and a new trial is granted.

Memorandum: On appeal from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10 and committing him to a secure treatment facility, respondent contends that Supreme Court erred in denying his challenge for cause to a prospective juror. We agree. We note at the outset that challenges to the jury impanelment procedures in Mental Hygiene Law article 10 proceedings implicate a respondent's fundamental right to a jury trial (*see Matter of State of New York v Muench*, 68 AD3d 1677; *see generally* § 10.07 [b]), and the procedure set forth in CPL 270.20 governing challenges for cause in a criminal trial applies here (*see* § 10.07 [b]). Pursuant to that procedure, when a prospective juror makes statements that cast serious doubt on his or her ability to render an impartial verdict, that juror must be excused for cause unless the juror provides an "unequivocal assurance that [he or she] can set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614). We agree with respondent that the prospective juror in question did not provide such an unequivocal assurance and thus that respondent should not have had to use a peremptory challenge with respect to that prospective juror (*see id.* at 614-615). Inasmuch as respondent exhausted all of his peremptory challenges before the completion of jury selection, reversal is required (*see* CPL 270.20 [2]; *cf. People v*

*Lynch*, 95 NY2d 243, 248).  In light of our determination, we do not address respondent's remaining contentions.

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court