# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**675**
**CA 08-01301**
PRESENT: SMITH, J.P., FAHEY, CARNI, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

KARL MUENCH, AN INMATE IN THE CUSTODY OF
NEW YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES, RESPONDENT-APPELLANT.

---

J. SCOTT PORTER, SENECA FALLS, FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR PETITIONER-RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Anthony
F. Shaheen, J.), entered May 8, 2008 in a proceeding pursuant to
Mental Hygiene Law article 10.  The appeal was held by this Court by
order entered December 30, 2009, decision was reserved and the matter
was remitted to Supreme Court, Oneida County, for further proceedings
(68 AD3d 1677).  The proceedings were held and completed.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and a new trial is
granted.

Memorandum:  Respondent previously appealed from an order
pursuant to Mental Hygiene Law article 10 committing him to a secure
treatment facility designated by the Commissioner of Mental Health
based upon a jury finding that he is a detained sex offender with a
mental abnormality that, inter alia, predisposes him to commit further
sex offenses.  We concluded that the record was insufficient for us
"to determine whether Supreme Court erred in relinquish[ing] control
over the proceedings by permitting" the discharge of prospective
jurors outside the presence of the trial judge (*Matter of State of New
York v Muench*, 68 AD3d 1677).  We therefore held the case, reserved
decision and remitted the matter to Supreme Court for a reconstruction
hearing.  Upon remittal, the parties stipulated to an order concluding
that 22 prospective jurors were excused upon the authority of a
commissioner of jurors without knowledge or input from the trial
court, prior to the commencement of jury selection in court.

Although this Mental Hygiene Law article 10 proceeding is civil
in nature and primarily governed by CPLR article 41 (*see* § 10.07 [b]),
the Criminal Procedure Law governs challenges to prospective jurors in

such proceedings (*see id.; CPL* 270.20, 270.25 [1]).  The relevant section of the Criminal Procedure Law provides that the court must determine all issues of fact and, "[i]f [a] challenge [to a prospective juror] is allowed, the court must exclude the person challenged from service" (CPL 270.20 [2]).  Further, respondent's challenge with respect to the discharge of certain prospective jurors implicates his fundamental right to a jury trial (*see Matter of State of New York v Kalchthaler*, 82 AD3d 1672).  We note that "[t]he presence of and supervision by a [j]udge constitutes an integral component of the right to a jury trial . . . [Inasmuch as] the selection of the jury is part of the . . . trial . . ., a [respondent] has a fundamental right to have a [j]udge preside over and supervise the voir dire proceedings while prospective jurors are being questioned regarding their qualifications.  A [j]udge who relinquishes control over the proceedings or delegates the duty to supervise deprives a [respondent] of the right to a trial by jury, requiring reversal" (*People v Toliver*, 89 NY2d 843, 844; *see People v Bosa*, 60 AD3d 571, 572, *lv denied* 12 NY3d 923).  Here, based on the procedures employed by the Fifth Judicial District Coordinating Commissioner of Jurors, 22 prospective jurors were excluded by that Commissioner rather than by the court.  Petitioner therefore correctly concedes that respondent's "fundamental right to have a [j]udge preside over and supervise the voir dire proceedings while prospective jurors are being questioned regarding their qualifications" was violated (*Toliver*, 89 NY2d at 844).  We therefore reverse the order and grant a new trial.

Respondent failed to preserve for our review his further contentions concerning the constitutionality of Mental Hygiene Law article 10 (*see generally People v Baumann & Sons Buses, Inc.*, 6 NY3d 404, 408, *rearg denied* 7 NY3d 742; *People v Stuart*, 100 NY2d 412, 425-426 n 11; *People v Davidson*, 98 NY2d 738, 739-740), the comments made by the Assistant Attorney General during his opening statement (*see People v Freeman*, 46 AD3d 1375, 1376, *lv denied* 10 NY3d 840), and the use of hearsay testimony (*see People v Qualls*, 55 NY2d 733, 734; *People v Bertone*, 16 AD3d 710, 712, *lv denied* 5 NY3d 759).  We decline to exercise our power to review those contentions in the interest of justice (*see generally Matter of State of New York v Campany*, 77 AD3d 92, 101, *lv denied* 15 NY3d 713).

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court