■ In the Matter of STATE OF NEW YORK, Respondent, v CERRICK FF., Appellant. [952 NYS2d 653]—

Spain, J.

In 1985, respondent attacked a young woman in a public park in Ithaca, Tompkins County. After choking and raping the woman, he tied, gagged and sodomized her. He then dragged her to a window well of a nearby church, where he raped and sodomized her again, before urinating on her as he left. Respondent was thereafter convicted of three counts of rape in the first degree, two counts of sodomy in the first degree and one count of attempted rape in the first degree. This incident was the most recent in respondent's extensive, violent criminal history—including brutal sex offenses—and he was appropriately sentenced in 1986 to an aggregate prison term of 8⅓ to 25 years. As respondent neared the maximum expiration date of his sentence, petitioner filed the present petition seeking authorization for his civil management pursuant to Mental Hygiene Law article 10. Respondent conceded that probable cause existed to believe that he was a sex offender requiring civil management and, as such, Supreme Court (Cerio Jr., J.) ordered that he be committed to a secure treatment facility upon his release from prison (*see* Mental Hygiene Law § 10.06 [k]), pending the outcome of the proceeding.

Following a jury trial, respondent was found to be a detained sex offender suffering from a mental abnormality (*see* Mental Hygiene Law § 10.07 [d]). Supreme Court (Mulvey, J.) conducted a dispositional hearing, after which it found respondent to be a dangerous sex offender requiring confinement and committed him to a secure treatment facility (*see* Mental Hygiene Law § 10.07 [f]). Respondent now appeals, and we affirm.

Respondent argues that the cumulative effect of alleged trial errors deprived him of a fair trial. First, he argues that Supreme Court improperly permitted a psychologist to testify before the jury regarding the staffing and programming in place at the psychiatric facility where he was confined following his release from prison, because such testimony is irrelevant to the jury's single task of determining whether respondent currently suffers from a mental abnormality (*see* Mental Hygiene Law § 10.07 [d], [f]). We find that the testimony was relevant; the psychologist properly considered respondent's lengthy treatment history, including respondent's resistance to the programs offered at the facility, in assessing the nature of his mental abnormality and its continued existence. Further, Supreme Court minimized any prejudice to respondent by instructing the jurors that it should

not speculate on the type of treatment he would receive should he be found to suffer from a mental abnormality (*see* CPLR 2002; *People v Di Bella*, 277 AD2d 699, 702 [2000], *lv denied* 96 NY2d 758 [2001]).

Next, respondent objects to testimony introduced that, in an incident that occurred in Massachusetts just five days before the offense leading to his 1986 New York conviction, he dragged another young woman into the bushes where he choked, raped and robbed her. Respondent was charged, but those charges were ultimately dismissed when the young woman refused to testify. Respondent concedes that experts in Mental Hygiene Law article 10 proceedings may refer to uncharged crimes in their testimony if " 'relevant and not unduly prejudicial' " (*Matter of State of New York v Mark S.*, 87 AD3d 73, 78 [2011], *lv denied* 17 NY3d 714 [2011], quoting *Matter of State of New York v Shawn X.*, 69 AD3d 165, 172 [2009], *lv denied* 14 NY3d 702 [2010]), but nevertheless asserts that because the prior rape was not uncharged but, rather, charged and then dismissed, evidence of it is so unreliable as to require preclusion. We disagree.

Even in criminal actions, a dismissal of charges pertaining to the underlying conduct will not necessarily render inadmissible otherwise admissible uncharged crime evidence (*see People v Resek*, 3 NY3d 385, 389 [2004]; *People v Stenson*, 68 AD3d 419 [2009], *lv denied* 14 NY3d 893 [2010]). Here, the facts surrounding the earlier rape were of a type that would normally be considered in assessing the nature of respondent's mental abnormality, and both of the testifying experts found the evidence to be particularly relevant, given the factual similarities and temporal proximity between the prior rape and the crimes for which respondent was convicted. In light of the high probative value of the evidence and considering that the record is devoid of any suggestion that the charges were dismissed because defendant did not commit the underlying crimes, we conclude that Supreme Court did not abuse its discretion in permitting their introduction (*see Matter of State of New York v Mark S.*, 87 AD3d at 79-80; *Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1142-1143 [2010]).

Likewise, we find unavailing respondent's contention that Supreme Court erred in permitting the experts to testify as to their interviews with the victim of the prior rape. The details of the experts' conversations with that victim were not explored on direct until after counsel for respondent elicited, upon cross-examination of the first expert, that the charges had been dismissed and that the victim, while still acknowledging most of

the details of respondent's sexual attack against her, now denies that the actual rape was completed. Only then did petitioner's counsel question the experts regarding the evidence supporting the conclusion that the victim had been raped, as well as the psychological reasons that could explain the victim's more recent denial. Under these circumstances, it was not error for the court to permit the unrefuted expert testimony regarding the interview with the prior victim as a means of rebutting the suggestion that the prior rape had not occurred (*see People v Massie*, 2 NY3d 179, 184-185 [2004]; *People v Greene*, 13 AD3d 991, 993 [2004], *lv denied* 5 NY3d 789 [2005]).

Finally, respondent's contention that Supreme Court should have instructed the jury that it could not consider the evidence of uncharged crimes for the truth of the matters asserted therein was waived by his failure to request such an instruction (*see* CPLR 4110-b; *Doviak v Lowe's Home Ctrs., Inc.*, 63 AD3d 1348, 1351-1352 [2009]). In any event, the court instructed the jury not to infer from respondent's previous sex offense convictions that he presently suffered from a mental abnormality, and the experts emphasized that their review of information surrounding the uncharged rape was part of their efforts to learn more about respondent and gauge his current mental state. Hence, we discern no substantial prejudice to respondent.

Rose, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.