■ In the Matter of STATE OF NEW YORK, Respondent, v EDWARD TREAT, Appellant. [954 NYS2d 368]—

Appeal from an order of the Supreme Court, Oneida County (William D. Walsh, A.J.), entered December 22, 2010 in a proceeding pursuant to Mental Hygiene Law article 10. The order continued the confinement of respondent in a secure treatment facility.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent was previously deemed to be a dangerous sex offender requiring civil confinement and was committed to a secure treatment facility (*see* Mental Hygiene Law § 10.01 *et seq.*). Respondent now appeals from an order, entered after an evidentiary hearing, determining that he should remain in confinement (*see* § 10.09 [d]). We affirm.

We reject the contention of respondent that Supreme Court's determination that he continues to be a dangerous sex offender requiring civil confinement is not supported by the requisite clear and convincing evidence (*see* Mental Hygiene Law § 10.09 [h]). Two expert reports admitted in evidence established that respondent continues to be a dangerous sex offender with a mental abnormality who should remain confined and, other than respondent's self-serving testimony at the hearing, there was no evidence to the contrary. Moreover, respondent did not preserve for our review his contention that good cause was not shown for the court's decision to allow the expert reports to be admitted in evidence without also requiring that the experts who generated those reports testify (*see generally* § 10.08 [g]; *Matter of State of New York v Reeve*, 87 AD3d 1378, 1378 [2011], *lv denied* 18 NY3d 804 [2012]; *Matter of State of New York v Muench*, 85 AD3d 1581, 1582 [2011]), and we decline to exercise our power to review that contention in the interest of justice (*cf. Muench*, 85 AD3d at 1582). Viewing the evidence, the law, and the circumstances of this case as a whole and at the time of the

representation, we further conclude that respondent received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *Matter of State of New York v Campany*, 77 AD3d 92, 100 [2010], *lv denied* 15 NY3d 713 [2010]). Present—Fahey, J.P., Peradotto, Carni, Whalen and Martoche, JJ.