# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1119**
**CA 11-00590**
PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EDWARD TREAT, RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ANDREW B. AYERS OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (William
D. Walsh, A.J.), entered December 22, 2010 in a proceeding pursuant to
Mental Hygiene Law article 10.  The order continued the confinement of
respondent in a secure treatment facility.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent was previously deemed to be a dangerous
sex offender requiring civil confinement and was committed to a secure
treatment facility (*see* Mental Hygiene Law § 10.01 *et seq.*).
Respondent now appeals from an order, entered after an evidentiary
hearing, determining that he should remain in confinement (*see* § 10.09
[d]).  We affirm.

We reject the contention of respondent that Supreme Court's
determination that he continues to be a dangerous sex offender
requiring civil confinement is not supported by the requisite clear
and convincing evidence (*see* Mental Hygiene Law § 10.09 [h]).  Two
expert reports admitted in evidence established that respondent
continues to be a dangerous sex offender with a mental abnormality who
should remain confined and, other than respondent's self-serving
testimony at the hearing, there was no evidence to the contrary.
Moreover, respondent did not preserve for our review his contention
that good cause was not shown for the court's decision to allow the
expert reports to be admitted in evidence without also requiring that
the experts who generated those reports testify (*see generally* § 10.08
[g]; *Matter of State of New York v Reeve*, 87 AD3d 1378, 1378, *lv
denied* 18 NY3d 804; *Matter of State of New York v Muench*, 85 AD3d
1581, 1582), and we decline to exercise our power to review that
contention in the interest of justice (*cf. Muench*, 85 AD3d at 1582).

Viewing the evidence, the law, and the circumstances of this case as a whole and at the time of the representation, we further conclude that respondent received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147; *Matter of State of New York v Campany*, 77 AD3d 92, 100, *lv denied* 15 NY3d 713).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court