# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**852**

**CA 13-00659**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROY CASTLEBERRY, RESPONDENT-APPELLANT.

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered August 13, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The order committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10 and committing him to a secure treatment facility. Respondent contends that the admission of "hearsay basis evidence" from petitioner's experts deprived him of a fair trial and violated his constitutional right to due process (*Matter of State of New York v Floyd Y.*, 22 NY3d 95, 109). Inasmuch as respondent did not object to any of the allegedly improper evidence, we conclude that he failed to preserve his contention for our review (*see Matter of State of New York v Muench*, 85 AD3d 1581, 1582; *Matter of State of New York v Wilkes* [appeal No. 2], 77 AD3d 1451, 1452). We decline to exercise our power to review that contention in the interest of justice (*see Muench*, 85 AD3d at 1582).

Respondent's challenge to the reliability of the actuarial assessment instruments used by petitioner's expert is actually a challenge "to the weight of that evidence rather than its admissibility" (*Matter of State of New York v Timothy EE.*, 97 AD3d 996, 998; *see Matter of State of New York v High*, 83 AD3d 1403, 1403-1404, *lv denied* 17 NY3d 704). "Supreme Court was in the best position to evaluate the weight and credibility of the conflicting [psychological and] psychiatric testimony presented . . . After independently reviewing the evidence presented at the dispositional

hearing and according appropriate deference to the court's decision to credit the opinion of [petitioner's expert] over that of [respondent's expert] . . . , we find no basis to disturb [the court's] determination that respondent was a dangerous sex offender requiring confinement" (*Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1144-1145; *see Matter of State of New York v Trombley*, 98 AD3d 1300, 1301, *lv denied* 20 NY3d 856; *Timothy EE.*, 97 AD3d at 999).

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court