Matter of State of New York v Karl M. (2021 NY Slip Op 01983)





Matter of State of New York v Karl M.


2021 NY Slip Op 01983


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-09328
 (Index No. 32097/11)

[*1]In the Matter of State of New York, respondent,
v
Karl M. (Anonymous), appellant.


Craig S. Leeds, New York, NY, for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Ari J. Savitzky of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Karl M., a sex offender allegedly requiring civil management, Karl M. appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated August 3, 2017. The order, upon a finding, made after a jury trial, that Karl M. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 2004, the appellant was convicted, upon his plea of guilty, of attempted rape arising from an incident involving a then 18-year-old guest at a New Year's Eve party he had hosted. The appellant had previously pleaded guilty in 1988 to sexual abuse in the third degree, involving sexual contact with a person who was then 14 years old; consented to a Family Court adjudication on abuse and neglect charges involving the sexual abuse of his then-minor children; and was convicted, after a jury trial, in 1999, of sexual abuse in the second degree (two counts), sexual contact with a person under the age of 14, and endangering the welfare of a minor with respect to incidents involving his then 12-year-old stepdaughter and her then 12-year-old friend.
In 2007, the State of New York commenced this proceeding in the Supreme Court, Oneida County, pursuant to Mental Hygiene Law article 10 for the civil management of the appellant. A jury found the appellant to be a detained sex offender with a mental abnormality that, inter alia, predisposed him to commit further sex offenses. The Appellate Division, Fourth Department, reversed an order committing the appellant to civil confinement based upon its determination that 22 prospective jurors were improperly excluded by the Commissioner of Jurors rather than by the trial court and remitted the matter for a new trial (see Matter of State of New York v Muench, 85 AD3d 1581).
The matter was subsequently transferred to the Supreme Court, Suffolk County, where a new trial was conducted. Upon retrial, the jury found that the appellant suffers from a mental abnormality within the meaning of Mental Hygiene Law § 10.03(i). Following a [*2]dispositional hearing, the court determined that the appellant is a dangerous sex offender requiring civil confinement. In an order dated August 3, 2017, the court, in effect, granted the petition and directed that the appellant be committed to a secure treatment facility.
"Mental Hygiene Law article 10 is designed to reduce the risks posed by, and to address the treatment needs of, sex offenders who suffer from mental abnormalities that predispose them to commit repeated sex crimes" (Matter of State of New York v Dennis K., 27 NY3d 718, 726; see Mental Hygiene Law §§ 10.01[b]; 10.03[i]). The law defines "mental abnormality" as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03[i]). Accordingly, to meet this statutory definition, "not only must the State establish by clear and convincing evidence the existence of a predicate 'condition, disease or disorder,' it must also link that 'condition, disease or disorder' to a person's predisposition to commit conduct constituting a sex offense and to that person's 'serious difficulty in controlling such conduct'" (Matter of State of New York v Dennis K., 27 NY3d at 726).
Here, contrary to the appellant's contention, the jury's finding that he suffered from a "mental abnormality" as defined in Mental Hygiene Law § 10.03(i) was not against the weight of the evidence (see Matter of State of New York v Marcello A., 180 AD3d 786, 790; Matter of State of New York v Kaysheem P., 175 AD3d 692, 693; Matter of State of New York v Dennis K., 120 AD3d 694, 695, affd 27 NY3d 718). Moreover, clear and convincing evidence supports the Supreme Court's finding, after a dispositional hearing, that the appellant's mental abnormality involves such a strong predisposition to commit sex offenses and such an inability to control his behavior that he is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility, and its concomitant determination that the appellant is a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Gary C., 169 AD3d 1054, 1055; Matter of State of New York v Abdul A., 123 AD3d 1047,1049).
The Supreme Court properly denied the appellant's pro se motion to dismiss the petition, made on the ground that he was wrongfully convicted in 2004 of attempted rape on the basis that the prosecution withheld evidence. "When a respondent previously has been found, beyond a reasonable doubt, to have committed a sex offense . . . that respondent's status as a sex offender is deemed established and may not be relitigated at the Mental Hygiene Law article 10 trial" (Matter of State of New York v Daniel OO., 88 AD3d 212, 215; see Mental Hygiene Law § 10.07[c]).
The appellant contends that the Supreme Court should have precluded the expert he retained, Joe Scroppo, a psychologist, from testifying as a witness during the State's case in chief. Generally, the question of whether expert testimony is admissible is addressed to the sound discretion of the trial court (see People v Gibbs, 157 AD2d 799, 799). The appellant's contention that his ability to effectively cross-examine Scroppo during the first phase of the trial was impeded because Scroppo was going to testify on his behalf during the dispositional phase of the trial is without merit. The first phase, which was to determine whether the appellant had a mental abnormality, was held before a jury, while the dispositional phase was conducted solely before the court as the trier of fact. The appellant failed to articulate how his cross-examination would have differed if Scroppo had not been called as his witness during the dispositional phase. Moreover, Scroppo's testimony with respect to the appellant's diagnosis as having pedophilic and alcohol use disorders elicited during the first phase of the trial was similar to the testimony of John Thomassen, another psychologist, who had been engaged by the State to interview the appellant and review his records and was called by the State as an expert witness during the trial.
In addition, the appellant's contention that the Supreme Court erred in not precluding the State from referring to the incident underlying the 2004 conviction as "rape" is without merit. The record reveals that throughout the trial, the parties referred to the crime underlying the 2004 conviction as an attempted rape. Further, the facts surrounding that crime were relevant to the issue of whether the appellant suffered a mental abnormality, and, as such, were properly introduced (see Matter of State of New York v Cerrick FF., 99 AD3d 1066, 1068).
The appellant's contention that the Supreme Court should have precluded the State's expert witnesses from testifying as to whether the appellant suffers from a mental abnormality during the first phase of the trial since that was the ultimate question to be answered by the jury is without merit. Experts on the issue of mental abnormality are not precluded from testifying as to their ultimate conclusion (see Matter of State of New York v Donald DD., 24 NY3d 174; Matter of State of New York v Kerry K., 157 AD3d 172, 187).
The appellant's contention that he was deprived of his right to present a defense when the Supreme Court denied his attorney's application to be relieved as counsel is without merit. Disqualification of an attorney under the lawyer as witness rule is required only when it is likely that the testimony to be given by the attorney as witness is necessary (see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437, 445-446). In addition, "[i]t is well settled that a party who is cross-examining a witness may not call other witnesses to contradict that witness's answers concerning collateral matters solely to impeach credibility" (People v Johnson, 143 AD2d 847, 848). Here, the appellant's trial attorney's testimony would not have been relevant with respect to the disputed fact of whether the appellant had a mental abnormality and would have served no purpose other than to impeach another witness's credibility as to a collateral matter.
Further, the appellant's contention that reversal is required because of improper remarks made by the State's attorney during summation is unpreserved for appellate review. The appellant either registered one-word objections, or, when an objection was sustained, failed to request further instructions, or move for a mistrial (see People v Harris, 98 NY2d 452, 492). In any event, the challenged remarks were fair comment on the evidence.
The appellant's contention that he received ineffective assistance of counsel is without merit. Since a sex offender is subject to civil confinement, the standard for determining whether effective assistance of counsel was provided in criminal cases is applicable here (see Matter of State of New York v Kenneth II., 190 AD3d 33, 43). Based on our review of the record, we conclude that the appellant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147).
The appellant's remaining contentions are either unpreserved for appellate review or without merit.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court