Matter of Daniel J. v State of New York (2022 NY Slip Op 03587)

Matter of Daniel J. v State of New York

2022 NY Slip Op 03587

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.

106 CA 20-01147

[*1]In the Matter of DANIEL J. FROM CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE OFFICE OF MENTAL HEALTH, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. (APPEAL NO. 1.) 

PAUL B. WATKINS, FAIRPORT, FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

 Appeal from an order of the Oneida County Court (Gerald Popeo, A.J.), entered August 12, 2020 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, continued petitioner's confinement to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, petitioner appeals from an order of County Court (Popeo, A.J.), entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement as defined by section 10.03 (e) and directing that petitioner continued to be confined to a secure treatment facility (see § 10.09 [h]). In appeal No. 2, petitioner appeals from an order of Supreme Court (Clark, J.) denying his application to proceed as a poor person with respect to a motion for reconsideration of County Court's order in appeal No. 1.
We note at the outset that appeal No. 2 must be dismissed inasmuch as respondent was not notified of petitioner's application to proceed as a poor person and "no appeal lies as of right from an ex parte order, including an order entered sua sponte . . . , and permission to appeal has not been granted" (Juliano v Genesee Gateway, LLC, 188 AD3d 1680, 1680 [4th Dept 2020] [internal quotation marks omitted]; see CPLR 5701 [c]; Sholes v Meagher, 100 NY2d 333, 335 [2003]).
In appeal No. 1, petitioner contends that he was deprived of an opportunity to defend himself when County Court ruled that petitioner's counsel could not disclose petitioner's Central New York Psychiatric Center (CNYPC) records to petitioner. We conclude that petitioner's contention does not present a justiciable controversy inasmuch as petitioner concedes in his appellate brief that he was given "full access" to his CNYPC records (see People v Colucci, 94 AD3d 1419, 1419-1420 [4th Dept 2012], lv denied 19 NY3d 1025 [2012]). To the extent that petitioner contends that CNYPC may have withheld certain records from petitioner pursuant to the "substantial and identifiable harm" limitation set forth in Mental Hygiene Law § 33.16 (c) (1), that contention is not properly before this Court. Mental Hygiene Law § 33.16 (c) (4) requires a facility to inform a patient if he or she has been denied access to certain records pursuant to section 33.16 (c) (1) and allows the patient to pursue an administrative review of the [*2]denial. Here, there is no evidence in the record that petitioner was provided with such notice or that, if he were provided with such notice, he exhausted his administrative remedies with respect thereto (see generally Matter of Cameron Transp. Corp. v New York State Dept. of Health, 197 AD3d 884, 887 [4th Dept 2021]; Sawah v Rochester St. Mary's Hosp. of Sisters of Charity, 101 AD2d 694, 695 [4th Dept 1984], lv dismissed 64 NY2d 605 [1985]). In the absence of any indication that petitioner was denied any of his CNYPC records and that he exhausted his administrative remedies with respect to such denial, we "ha[ve] no discretionary power to reach" petitioner's contention (Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]; see Matter of Mixon v Wickett, 196 AD3d 1094, 1095-1096 [4th Dept 2021]).
Contrary to petitioner's contention, we conclude that respondents established by clear and convincing evidence that petitioner is a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.03 [e]). The court's determination is supported by the written reports of two experts and the hearing testimony of one of those experts (see Matter of State of New York v Treat, 100 AD3d 1513, 1513 [4th Dept 2012]; Matter of State of New York v Pierce, 79 AD3d 1779, 1781-1782 [4th Dept 2010], lv denied 16 NY3d 712 [2011]) and, other than petitioner's "self-serving testimony at the hearing, there was no evidence to the contrary" (Treat, 100 AD3d at 1513). In reaching their opinions, the experts relied upon petitioner's escalating conduct, the ineffectiveness of past punitive measures and counseling, petitioner's continued denial of culpable conduct, the lack of treatment and a relapse prevention plan, and certain assessment instrument scores (see Matter of State of New York v Robert F., 25 NY3d 448, 454-455 [2015]; Matter of Charles B. v State of New York, 192 AD3d 1583, 1585-1586 [4th Dept 2021], lv denied 37 NY3d 913 [2021]; see generally Matter of Wright v State of New York, 134 AD3d 1483, 1486-1487 [4th Dept 2015]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court