Matter of State of New York v Michael T. (2022 NY Slip Op 05851)

Matter of State of New York v Michael T.

2022 NY Slip Op 05851

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2020-08303
 (Index No. 6806/18)

[*1]In the Matter of State of New York, respondent,
v
Michael T. (Anonymous), appellant.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Dennis B. Feld, Timothy Riselvato, and Stephanie Aris of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Grace X. Zhou of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Michael T., a sex offender allegedly requiring civil management, Michael T. appeals from an order of the Supreme Court, Suffolk County (John B. Collins, J.), dated September 28, 2020. The order, upon a finding, made after a nonjury trial, that Michael T. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In December 2018, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant. At a nonjury trial, the State presented the testimony of two expert witnesses. Both of the State's experts diagnosed the appellant with other specified personality disorder with antisocial, narcissistic, and schizoid traits, and cannabis use disorder. They both opined that the appellant was an individual with a mental abnormality as that term is defined in Mental Hygiene Law § 10.03(i).
At the trial, the appellant presented the testimony of his own expert. The appellant's expert diagnosed the appellant with cannabis use disorder, other specified anxiety disorder, and avoidant personality disorder. He opined that the appellant was not an individual with a mental abnormality as that term is defined in Mental Hygiene Law § 10.03(i).
The Supreme Court credited the testimony of the State's two experts and determined that the State had sustained its burden of demonstrating that the appellant was an individual with a mental abnormality as that term is defined in Mental Hygiene Law § 10.03(i). Contrary to the appellant's contention, the evidence at trial was legally sufficient to support that finding. The evidence supported a finding that the appellant has more than one "condition, disease or disorder" that, together, predispose him to commit sex offenses and result in him having serious difficulty in controlling such conduct (id.; see Matter of State of New York v Dennis K., 27 NY3d 718, 751-752; [*2]Matter of State of New York v David D., 206 AD3d 481, 482; Matter of State of New York v Marcello A., 180 AD3d 786, 788). Moreover, the finding was not against the weight of the evidence (see Matter of State of New York v Christian R., 200 AD3d 1046, 1048).
The appellant's contention that the Supreme Court erred in permitting the State to offer evidence of rape paraphilia at the probable cause hearing is not properly before this Court (see Mental Hygiene Law § 10.13[b]; Matter of State of New York v Daniel J., 180 AD3d 1347, 1348).
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court