Matter of State of New York v Timothy R. (2023 NY Slip Op 01196)

Matter of State of New York v Timothy R.

2023 NY Slip Op 01196

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2021-07335
 (Index No. 988/13)

[*1]In the Matter of State of New York, respondent,
v
Timothy R. (Anonymous), appellant.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Dennis B. Feld, and Laura Rothschild of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Daniel S. Magy of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Timothy R., a sex offender allegedly requiring civil management, Timothy R. appeals from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated June 28, 2021. The order, upon a finding, made after a nonjury trial, that Timothy R. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In December 2013, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant. This Court previously reversed an order of the Supreme Court, inter alia, granting the petition, and remitted the matter for a new trial and, if necessary, a new dispositional hearing (see Matter of State of New York v Timothy R., 168 AD3d 146). Upon remittal, and following the appellant's waiver of a jury trial, the court held a new trial and found that the appellant suffers from a mental abnormality as that term is defined in Mental Hygiene Law § 10.03(i). Following a dispositional hearing, the court determined that the appellant is a dangerous sex offender requiring civil confinement. In an order dated June 28, 2021, the court, in effect, granted the petition and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and it may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses" (Matter of State of New York v Kerry K., 157 AD3d 172, 185; see Matter of State of New York v Gary C., 169 AD3d 1054, 1054). "Mental Hygiene Law article 10 is designed to reduce the risks posed by, and to address the treatment needs of, sex offenders who suffer from mental abnormalities that predispose them to commit repeated sex crimes" (Matter of State of New York v Dennis K., 27 NY3d 718, 726; see Matter of State of New York v Karl M., 192 AD3d 1119, 1120). [*2]The Mental Hygiene Law defines "mental abnormality" as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03[i]). To meet this statutory definition, "not only must the State establish by clear and convincing evidence the existence of a predicate condition, disease or disorder, it must also link that condition, disease or disorder to a person's predisposition to commit conduct constituting a sex offense and to that person's serious difficulty in controlling such conduct" (Matter of State of New York v Dennis K., 27 NY3d at 726 [internal quotation marks omitted]; see Matter of State of New York v Karl M., 192 AD3d at 1121). A "dangerous sex offender requiring confinement" is "a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03[e]). The State must establish by clear and convincing evidence that the appellant is a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Gary C., 169 AD3d at 1054-1055; Matter of State of New York v Abdul A., 123 AD3d 1047, 1049).
Here, contrary to the appellant's contention, the Supreme Court's finding that he suffers from a mental abnormality was supported by legally sufficient proof, and was not against the weight of the evidence (see Matter of State of New York v Karl M., 192 AD3d at 1121; Matter of State of New York v Francisco R., 191 AD3d 989, 992). The State's uncontroverted evidence established that the appellant's frotteuristic disorder alone, and also when combined with his substance use and schizotypal personality disorders, which further disinhibited his behavior, predisposed him to commit sex offenses and seriously impaired his ability to control such conduct.
Moreover, contrary to the appellant's contention, the Supreme Court properly determined, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires confinement rather than strict and intense supervision (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Francisco R., 191 AD3d at 992; Matter of State of New York v Gary C., 169 AD3d at 1054-1055). The court's determination to credit the testimony of the State's experts is supported by the record, and, thus, we find no basis to disturb it (see Matter of State of New York v Francisco R., 191 AD3d at 992; Matter of State of New York v Larry B., 113 AD3d 865, 867).
The appellant's remaining contention is without merit.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court