Matter of State of New York v Robert T. (2023 NY Slip Op 01449)

Matter of State of New York v Robert T.

2023 NY Slip Op 01449

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

1014 CA 21-01798

[*1]STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
ROBERT T., AN INMATE IN CUSTODY OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-APPELLANT. 

TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Orleans County (Terrence M. Parker, A.J.), dated November 15, 2021 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, determined that respondent is a dangerous sex offender requiring confinement in a secure treatment facilty. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10 determining, following a nonjury trial, that he is a detained sex offender who has a mental abnormality (see §§ 10.03 [g], [i]; 10.07 [d]) and determining, following a dispositional hearing, that he is a dangerous sex offender requiring confinement in a secure treatment facility (see §§ 10.03 [e]; 10.07 [f]). We
affirm.
Respondent contends that he was denied due process due to an inordinate delay in holding the trial to determine if he was a detained sex offender suffering from a mental abnormality. Inasmuch as respondent failed to raise any objection to the delay, he failed to preserve that contention for our review (see Matter of State of New York v Trombley, 98 AD3d 1300, 1302 [4th Dept 2012], lv denied 20 NY3d 856 [2013]; see also Matter of State of New York v Daniel J., 180 AD3d 1347, 1348 [4th Dept 2020], lv denied 35 NY3d 908 [2020]), and we decline to exercise our power to review it in the interest of justice (see generally Matter of State of New York v Castleberry, 120 AD3d 1535, 1535 [4th Dept 2014], lv denied 25 NY3d 908 [2015]; Matter of State of New York v Muench, 85 AD3d 1581, 1582 [4th Dept 2011]; Matter of State of New York v Campany, 77 AD3d 92, 100 [4th Dept 2010], lv denied 15 NY3d 713 [2010]).
Respondent further contends that he was denied effective assistance of counsel throughout the proceedings. Inasmuch as "respondent is subject to civil confinement, the standard for determining whether effective assistance of counsel was provided in criminal matters is applicable here" (Matter of State of New York v Carter, 100 AD3d 1438, 1439 [4th Dept 2012]; see Matter of State of New York v Karl M., 192 AD3d 1119, 1123 [2d Dept 2021], lv denied 37 NY3d 912 [2021]). Respondent's attorney conceded that he advised respondent to participate in an interview with the independent expert appointed by Supreme Court based on the attorney's mistaken belief that the independent expert was respondent's expert and that respondent's statements would be protected by either the attorney-client or the doctor-patient privilege.
We nevertheless conclude that the single mistake made by respondent's attorney "was 'not so egregious and prejudicial that [it] deprived [respondent] of his right to a fair trial' " (People v Reitz, 125 AD3d 1425, 1425 [4th Dept 2015], lv denied 26 NY3d 93 [2015], reconsideration denied 26 NY3d 1091 [2015]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Irvine, 197 AD3d 988, 990-991 [4th Dept 2021], lv denied 37 NY3d 1060 [2021]). Viewing the evidence, the law, and the circumstances of this case as a whole and at the time of the representation, we conclude that respondent received effective assistance of counsel (see Matter of State of New York v Treat, 100 AD3d 1513, 1513-1514 [4th Dept 2012]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, we reject respondent's contention that the court's determination that respondent was a detained sex offender who suffered from a mental abnormality (see Mental Hygiene Law § 10.07 [d]) and a dangerous sex offender requiring confinement (see § 10.07 [f]) is against the weight of the evidence. With respect to the determination that respondent suffered from a mental abnormality, we conclude that "the evidence does not preponderate so greatly in respondent's favor that the court could not have reached its conclusion on any fair interpretation of the evidence" (Matter of State of New York v Orlando T., 184 AD3d 1149, 1149 [4th Dept 2020]; see also Trombley, 98 AD3d at 1301).
With respect to the determination that respondent was a dangerous sex offender requiring confinement, we conclude that "[t]he evidence presented by respondent that conflicted with that presented by petitioner merely raised a credibility issue for the court to resolve, and its determination is entitled to great deference given its 'opportunity to evaluate [first-hand] the weight and credibility of [the] conflicting . . . testimony' " (Matter of State of New York v Stein, 85 AD3d 1646, 1647 [4th Dept 2011], affd 20 NY3d 99 [2012], cert denied 568 US 1216 [2013]). We see no basis to disturb the court's decision to credit the testimony of petitioner's experts and
the independent expert (see Trombley, 98 AD3d at 1301).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court