Matter of State of New York v Steven M. (2024 NY Slip Op 04775)

Matter of State of New York v Steven M.

2024 NY Slip Op 04775

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-01307
 (Index No. 850102/20)

[*1]In the Matter of State of New York, respondent,
v
Steven M. (Anonymous), appellant.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Timothy M. Riselvato, Dennis B. Feld, and Arthur Baer of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale, Kwame N. Akosah, and Anagha Sundararajan of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Steven M., a sex offender allegedly requiring civil management, Steven M. appeals from an order of the Supreme Court, Nassau County (Christopher Hoefenkrieg, J.), entered November 18, 2022. The order, upon a finding, made after a jury trial, that Steven M. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 2015, the appellant was convicted, after a jury trial, of, inter alia, sexual abuse in the first degree and sentenced to a determinate term of imprisonment of seven years. Prior to the appellant's release from prison, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, alleging that he was a sex offender requiring civil management. Following a jury trial, the jury found that the appellant suffered from a mental abnormality within the meaning of Mental Hygiene Law § 10.03(i). Following a dispositional hearing, the Supreme Court determined that the appellant is a dangerous sex offender requiring civil confinement. In an order entered November 18, 2022, the court, in effect, granted the petition and directed that the appellant be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement. This appeal ensued.
"Mental Hygiene Law article 10 is designed to reduce the risks posed by, and to address the treatment needs of, sex offenders who suffer from mental abnormalities that predispose them to commit repeated sex crimes" (Matter of State of New York v Dennis K., 27 NY3d 718, 726; see Mental Hygiene Law §§ 10.01[b]; 10.03[i]). The law defines "mental abnormality" as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03[i]; see Matter of State of New York v Marcello A., 180 AD3d [*2]786, 788). Accordingly, to meet this statutory definition, "not only must the State establish by clear and convincing evidence the existence of a predicate 'condition, disease or disorder,' it must also link that 'condition, disease or disorder' to a person's predisposition to commit conduct constituting a sex offense and to that person's 'serious difficulty in controlling such conduct'" (Matter of State of New York v Dennis K., 27 NY3d at 726; see Matter of State of New York v Karl M., 192 AD3d 1119, 1121).
Here, contrary to the appellant's contention, the evidence was legally sufficient to support the jury's finding that he suffered from a mental abnormality within the meaning of Mental Hygiene Law § 10.03(i). The State presented clear and convincing evidence that the appellant "has more than one 'condition, disease or disorder' that, together, predispose him to commit sex offenses and result in him having serious difficulty in controlling such conduct" (Matter of State of New York v Michael T., 209 AD3d 861, 862, quoting Mental Hygiene Law § 10.03[i]; see Matter of State of New York v Dennis K., 27 NY3d at 751-752; Matter of State of New York v Anthony A., 219 AD3d 1524, 1525-1526). Moreover, the jury's finding that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i) was based on a fair interpretation of the evidence and, as a result, was not contrary to the weight of the evidence (see Matter of State of New York v Karl M., 192 AD3d at 1121; Matter of State of New York v Marcello A., 180 AD3d at 789-790).
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court